IN THE UNITED STATES DISTRICT COURT FOR THE0
NORTHERN DISTRICT OF WEST VIRGINIA

KEITH RUSSELL JUDD,

    Plaintiff,

v.                                                                                                              Civil Action No. 5:13-cv-33

COMMISSIONER OF INTERNAL REVENUE,
& U.S. DEPARTMENT OF THE TREASURY

    Defendants.

## REPORT AND RECOMMENDATION

On March 8, 2012, Plaintiff, Keith Judd, an inmate in the Federal Correction Institution in Texarkana, Texas, filed this *pro se* action complaining of alleged violations of his constitutional rights. He has submitted a *Motion for Waiver of Fees and Costs* and a *Complaint for Declaratory Judgment and Injunction* seeking to enjoin the IRS from collecting a tax penalty under 26 U.S.C. § 5000A of the Patient Protection and Affordable Care Act of 2010. However, Judd is not entitled to proceed *in forma pauperis* under 28 U.S.C. § 1915(g) because he has filed over 1,000 actions in federal courts, at least three of which have been dismissed as frivolous or for failure to state a claim.

The PLRA has restricted when a complaint may be filed without prepayment of fees. Specifically, 28 U.S.C. §1915(g) provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

As mentioned, Judd has had at least three non-habeas civil actions or appeals previously dismissed

as frivolous or for failing to state a claim upon which relief may be granted. He has been denied *in forma pauperis* status in numerous federal district courts, circuit courts, and the United States Supreme Court. *See e.g., Judd v. United States Dist. Ct. For W. Dist. Of Tex.*, 528 U.S. 5, 5 (1999) (finding that Judd had filed twelve petitions for certiorari which were denied as frivolous and that "Judd had abused this Court's certiorari and extraordinary writ processes."); *Judd v. Barrack Obama, et al.*, No. 08-CV-0093 (E.D. Tex Feb 25, 2010) (dismissed as frivolous); *Judd v. U.S. District Court*, Appeal No. 98-51119 (5th Cir. April 16, 1999) (appeal dismissed as frivolous); *Judd v. Lappin*, No. 04-5337, 2004 WL 3019537 (D.C.Cir. Dec. 30, 2004) (per curiam) (unreported) (finding that Judd had incurred three strikes); *Judd v. University of New Mexico*, 204 F.3d 1041, 1044 (10th Cir. 2000) ("Mr. Judd is enjoined from proceeding as an appellant or petitioner without the representation of a licensed attorney admitted to practice in this court, unless he first obtains permission to proceed pro se."); *Judd v. Fergeson*, 239 F.Supp.2d 442, 443 (D.N.J. 2002) (noting the multitude of federal cases Judd has filed that have been dismissed as frivolous.).

As set forth above, the petitioner has filed at least three civil actions which were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. Therefore, based on the strikes the petitioner has accumulated, he may not file another complaint without prepayment of fees unless he is in "imminent danger of serious physical injury." Judd seeks declaratory and injunctive relief from being assessed a tax penalty for failure to purchase health insurance. Clearly then, he makes no allegations that he is under imminent danger of serious physical injury.

For the reasons stated above, it is hereby **RECOMMENDED** that the petitioner's Motion for Waiver of Filing Fees and Costs (Doc. 2) be **DENIED** and his complaint (Doc. 1) be

2

**DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. §1915(g). *See Dupree v. Palmer*, 284 F. 3d 1234, 1236 (11th Cir. 2002)("The proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of §1915(g). The prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status. He must pay the filing fee at the time he *initiates* the suit.").

Within fourteen days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the United States District Judge of record. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. §636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 4 th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the plaintiff, by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: March 12, 2013                    /s/ *James E. Seibert*
                                         JAMES E. SEIBERT
                                         UNITED STATES MAGISTRATE JUDGE